Christopher R. Barclay, Ch. 7 Trustee
5055 N. Harbor Drive, Suite 210
San Diego, CA 92106
U.S. Mail: P.O. Box 2819, La Mesa, CA 91943-2819
Telephone: (619) 255-1529
Email: admin@crb7trustee.com

Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>STEPHEN B. MORRIS,<br><br>  Debtor. | Case No. 20-04422-LT7<br><br>Chapter 7<br><br>**NOTICE OF ERRATA TO EX PARTE APPLICATION OF TRUSTEE FOR AUTHORITY TO EMPLOY BAKER TILLY US, LLP TO ACT AS ACCOUNTANTS AND CONSULTANTS TO THE ESTATE**<br><br>Docket No. 21 |

**TO THE HONORABLE LAURA S. TAYLOR, UNITED STATES BANKRUPTCY JUDGE, AND ALL INTERESTED PARTIES:**

PLEASE TAKE NOTICE that Exhibit B of the Ex Parte Application of Trustee for Authority to Employ Baker Tilly US, LLP to Act as Accountants and Consultants to the Estate filed on January 15, 2021 (the "Application") [Docket No. 21] is inadvertently missing a page.  This Errata is filed to provide a complete and correct Exhibit B for the Application. Attached is the corrected Exhibit B for the Application.

Dated: January 19, 2021

/s/ Christopher R. Barclay<br>Christopher R. Barclay, Trustee

1



Baker Tilly US, LLP
3655 Nobel Drive, Suite 300
San Diego, CA 92122

+1 (858) 597 4100
bakertilly.com

Christopher R. Barclay
Trustee
PO Box 2819
La Mesa, CA 91943

RE: *In re Stephen B. Morris, 20-04422-LT7, United States Bankruptcy Court for the Southern District of California*

Dear Mr. Barclay:

1. Thank you for the opportunity to provide accounting, tax and financial advisory services on your behalf as the duly appointed Chapter 7 Trustee (the "Trustee") for Stephen B. Morris (the "Debtor") in the above captioned bankruptcy case (the "Matter"). This letter (the "Engagement Letter") and the attached *Standard Terms and Conditions*, along with the *Application to Employ Baker Tilly US, LLP to Act as Accountants and Consultants to the Estate* (the "Application") to which it is attached, confirm the understanding and agreement between Baker Tilly US, LLP ("Baker Tilly") and you, solely in your capacity as Trustee, with regard to the advisory and testimonial services Baker Tilly will provide effective December 17, 2020. Stacy Elledge Chiang will lead the engagement team in the Matter.

## SCOPE OF SERVICES

1. You, in your capacity as Trustee, have asked that Baker Tilly provide financial advisory services to you to assist with the completion of your duties. These tasks may include, but are not limited to:

   a. Advice and service regarding the filing of any loss carryback refund claim, permitted under the recently passed CARES Act, that may be property of the Debtor's bankruptcy estate;

   b. Advice and services regarding the Estate's tax liabilities and assistance with preparation of the Estate's annual federal and state tax returns, as required;

   c. Such other accounting, professional tax services and consulting services as required by the Trustee in this Matter; and,

   d. Performing such other services as may be requested by Trustee and permitted by the United States Bankruptcy Court for the Southern District of California (the "Court").

2. You, as Trustee, have also indicated that you may need to designate one or more Baker Tilly principals, partners or employees as a possible witness in the above referenced Matter.

Christopher R. Barclay, Trustee
January 14, 2021
Page 2

The subject and scope of any such testimony will be subject to your direction; however, you understand that Baker Tilly shall undertake all work we deem necessary to deliver such testimony.

3. Furthermore, you also understand that the professional conclusions reached regarding this matter are those of the Baker Tilly professionals. Accordingly, Baker Tilly has not and cannot predict what conclusions the Baker Tilly professionals will reach concerning the specific questions or issues for which the potential expert's opinion testimony may be requested.

**CONFLICTS OF INTEREST**

4. You have requested that Baker Tilly determine if any work currently being performed by Baker Tilly would pose a conflict with the work that is the subject of this Engagement Letter. As of the date of this Engagement Letter, we have determined that we can perform the work contemplated herein, free of any conflict of interest.

5. During the course of this Matter, you agree to inform Baker Tilly of additional parties to the dispute or name changes for those parties provided to the extent such additional parties or name changes come your attention. Should this information or any other circumstance that comes to our attention have the potential to change our prior conclusion with regard to a conflict of interest, we will advise you as soon as possible.

**FEES AND BILLING ARRANGEMENTS**

6. Our fees are based upon the hours actually expended by each engagement team member at each member's applicable hourly billing rate. Our hourly billing rates by professional level for the personnel to be assigned to the Matter for these services are:

| Position | Hourly Rate |
|---|---|
| Partners and Principals | $500 - $695 |
| Directors | $395 - $495 |
| Managers | $275 - $375 |
| Consultants | $150 - $275 |
| Paraprofessionals | $75 - $175 |

7. In the normal course of business, Baker Tilly revises its hourly billing rates annually. You understand that, to the extent allowed by the Court, the hourly rates charged for the work on this engagement will reflect the hourly rates in effect at the time services are rendered.

8. You agree to that the reimburse Baker Tilly for any reasonable and documented out-of-pocket expenses, including, without limitation, travel, photocopying, delivery services, postage, vendor changes and other reasonable and documented out-of-pocket expenses incurred in providing professional services. All such charges shall be consistent with the guidelines of the United States Trustee. Additionally, payment for such expenses shall be made only after approval by and authorization from the Court.

Christopher R. Barclay, Trustee
January 14, 2021
Page 3

---

9. Baker Tilly acknowledges that its fees and expenses in the Matter are governed by Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules for the United States Bankruptcy Court for the [Court] (the "Local Rules"), and any orders entered by the Court with regard to professional compensation. Baker Tilly further agrees to accept compensation as awarded by the Court in accordance with the above.

**OTHER MATTERS**

10. You agree that you will prepare and file the papers necessary to ensure Baker Tilly is properly retained by the Court in the Matter. Further, you agree to take the steps necessary to notify Baker Tilly to file any papers necessary to ensure that Baker Tilly is paid in the Matter.

11. To the extent of any inconsistency between the terms of the Application, this Engagement Letter, and the *Standard Terms and Conditions* to the extent not inconsistent with the employment application and order, the terms of the Application and the resultant order from the Court shall govern. You acknowledge your agreement with the terms stated herein and acknowledge that you have reviewed and agreed to be bound to the terms of this Engagement Letter and the attached *Standard Terms and Conditions*, as evidenced by your signature below, which may be executed in counterparts. Please return to me the signed copy of this Engagement Letter by facsimile or portable document format ("pdf"). Facsimile and pdf signatures shall be deemed original, binding signatures.

We appreciate the opportunity to work with you. Should you have any questions, please do not hesitate to contact me at (949) 222-2999 or Stacy Elledge Chiang at (858) 597-4100.

Very truly yours,

Baker Tilly US, LLP
By: *[signature]*
---
Katherine Gough
Partner

Christopher R. Barclay, Trustee
January 14, 2021
Page 4

**Acceptance by Christopher R. Barclay, Chapter 7 Trustee**
The Application, the above Engagement Letter, and the attached *Standard Terms and Conditions* confirm my understanding of the services Baker Tilly US, LLP will perform relating to the above referenced matter, the fee arrangement, and my understanding and agreement to such terms. Also, I, solely in my capacity as Trustee, accept responsibility for payment of Baker Tilly US, LLP's fees, as described above.

Accepted by: _____
Christopher R. Barclay
Chapter 7 Trustee for Estate of Stephen B. Morris

Date: 1/15/2021



# Exhibit B – Appendix 1
# Baker Tilly US, LLP
## Chapter 7 Trustee Standard Terms and Conditions

**1. Services.** It is understood and agreed that while Baker Tilly US, LLP's ("Baker Tilly") services may include advice and recommendations, all decisions in connection with the use thereof shall be the responsibility of, and made by the Trustee. References herein to "Trustee" shall refer both to the trustee and the underlying bankruptcy estate(s) collectively on whose behalf services are being rendered as identified in the employment application and engagement letter (collectively, the "Application") to which these Standard Terms and Conditions are attached. The Application, the resultant order, and these Terms and Conditions shall be collectively referred to as the "Agreement." As used herein, "Engagement" shall mean the bankruptcy case or cases in which Baker Tilly is retained by the Application.

**2. Not Assurance Services/Not Legal Services.** Baker Tilly's work generally will involve the financial analyses of accounting books and records and other financial information/ documents. Our Engagement does not include an audit, review, or compilation in accordance with Generally Accepted Auditing Standards ("GASS") of any financial statements. The Services performed under this Agreement do not include the provision of legal advice and Baker Tilly makes no representations regarding questions of legal interpretation. Trustee should consult with its attorneys with respect to any legal matters or items that require legal interpretation under federal, state or other type of law or regulation.

**3. Confidentiality.** All communications between Baker Tilly and the Trustee will be treated as confidential. If access to any of the materials in Baker Tilly's possession relating to this Engagement is sought by a third-party, we will promptly notify Trustee of such action and cooperate with Trustee and any law firm employed by Trustee concerning our response thereto. In the event that any person or entity serves a subpoena upon Baker Tilly for testimony or the production of documents or records relating to or arising from any work performed for Trustee in connection with this Engagement, Trustee shall reimburse Baker Tilly from the assets of the bankruptcy estate(s) for all time, costs, and attorneys' fees incurred in responding to such subpoena(s) to the extent allowed by the United States Bankruptcy Court presiding over the relevant Engagement (the "Bankruptcy Court").

**4. Payment of Fees and Expenses.** Trustee agrees to promptly pay all fees and expenses approved by the Bankruptcy Court. In the event that there are insufficient fees to pay all administrative claims in full, the Trustee agrees to treat Baker Tilly's allowed fees and expenses with at least the same priority that it treats all other such allowed claims.

**5. Taxes.** All fees, charges, and other amounts payable to Baker Tilly under the Agreement do not include any sales, use, excise, value added or other applicable taxes, tariffs or duties, payment of which shall be Trustee's sole responsibility, excluding any applicable taxes based on Baker Tilly's net income or taxes arising from the employment or independent contractor relationship between Baker Tilly and its personnel.

**6. Term of Engagement**

a. Commencement. Baker Tilly will commence work at your direction (written or oral). We reserve the right to cease rendering services if the fully executed Agreement is not received by us within 10 days of the date of this Agreement.

b. Termination. Unless terminated sooner in accordance with the terms set forth below, the Agreement shall terminate on the completion of Baker Tilly's services thereunder. In addition, either party may terminate the Agreement at any time by giving written notice to the other party not less than ten (10) calendar days (or as otherwise provided in the Application) before the effective date of termination and with the consent of the Bankruptcy Court. Baker Tilly shall be paid in full for all services rendered or expenses incurred as of the date of termination to the extent allowed by the Bankruptcy Court. Further, we may terminate the Engagement in the event that we are asked to reach conclusions with which we disagree after obtaining consent from the Bankruptcy Court. Trustee will be responsible for all fees and expenses incurred prior to termination to the extent allowed by the Bankruptcy Court.

**7. Ownership.**

a. Baker Tilly Property. Baker Tilly has created, acquired, owns or otherwise has rights in, and may, in connection with the performance of services under the Agreement, employ, provide, modify, create, acquire or otherwise obtain rights in, various concepts, ideas, methods, methodologies, procedures, processes,



**Baker Tilly US, LLP**
**Chapter 7 Trustee Standard Terms and Conditions (cont.)**

know-how, and techniques, models, templates; software, user interfaces and screen designs; general purpose consulting and software tools, utilities and routines; and logic, coherence and methods of operation of systems (collectively, the "Baker Tilly Property"). Baker Tilly retains all ownership rights in the Baker Tilly Property. Trustee shall acquire no right or interest in such property. In addition, Baker Tilly shall be free to provide services of any kind to any other party as Baker Tilly deems appropriate and that does not pose a conflict of interest with the work that is the subject of the Agreement, and may use the Baker Tilly Property to do so. Baker Tilly acknowledges that Baker Tilly Property shall not include any of Trustee's confidential information or tangible or intangible property and Baker Tilly shall have no ownership rights in such property.

b.  Ownership of Deliverables. All documents, materials or information of any kind created by Baker Tilly in connection with this Engagement, including, without limitation, any written reports, memoranda, work papers or status summaries, are work product (collectively, "Work Product"). All Work Product shall be owned and maintained by Baker Tilly. It is agreed that all Work Product and all other working papers and other documents prepared by Baker Tilly pursuant to this Agreement will be maintained as confidential materials and will not be disclosed to third parties without the Trustee's consent, except as may be required by law, regulation or judicial or administrative process. Baker Tilly agrees to notify the Trustee promptly of any of the following events: (i) a request by anyone to examine, inspect or copy any Work Product or other working papers, documents or records relating to this Engagement, unless prohibited by law; or (ii) any attempt to serve, or the actual service of, any court order, subpoena or summons upon Baker Tilly that requires the production of such documents or records.

c.  Use of Work Product. Trustee agrees not to use Baker Tilly Work Product other than in connection with the Engagement for which it was prepared without Baker Tilly's written consent.

**8.   Limitation on Warranties. This is a services Engagement. Baker Tilly warrants that it will perform services under the agreement in good faith, with qualified personnel in a competent and workmanlike manner. Baker Tilly disclaims all other warranties, either express or implied, including, without limitation, warranties of merchantability and fitness for a particular purpose.**

**9.   Limitation on Damages.** The liability (including attorneys' fees and all other costs) of Baker Tilly and its present or former partners, owners, principals, agents or employees related to any claim for damages relating to the services performed under this Agreement shall not exceed the fees paid to Baker Tilly except to the extent finally determined to have resulted from the willful misconduct or fraudulent behavior of Baker Tilly relating to such services. This limitation of liability is intended to apply to the full extent allowed by law, regardless of the grounds or nature of any claim asserted, including the negligence of either party. Additionally, in no event shall either party be liable for any lost profits, lost business opportunity, lost data, consequential, special, incidental, exemplary or punitive damages delays, or interruptions arising out of or related to this Agreement even if the other party has been advised of the possibility of such damages. The provisions of this Paragraph shall apply regardless of the form of action, damage, claim, liability, cost, expense or loss, whether in contract, statute, tort or otherwise.

**10.  Cooperation; Use of Information.**

a.  Trustee agrees to cooperate with Baker Tilly in the performance of the services under the Agreement and shall provide Baker Tilly with timely access to and use of personnel, facilities, equipment, data and information within the Trustee's control to the extent necessary for Baker Tilly to perform the services under the Agreement. The Application may set forth additional obligations of Trustee in connection with the Engagement.

b.  Trustee acknowledges and agrees that Baker Tilly may, in performing its obligations pursuant to this Agreement, use data, material and other information furnished by Trustee without any independent investigation or verification and that Baker Tilly shall be entitled to rely upon the accuracy and completeness of such information in performing the services under the Agreement.

c.  To the extent the Services require Baker Tilly receive personal data or personal information from Trustee, Baker Tilly may process any personal data or personal information, as those terms are defined in applicable privacy laws, in accordance with the requirements of the applicable privacy law relevant to the processing in providing services hereunder. Applicable privacy laws may include any local, state, federal, or international laws, standards, guidelines, policies, or regulations governing the collection, use, disclosure, sharing, or other processing of personal data or personal information with which Baker Tilly



**Baker Tilly US, LLP**
**Chapter 7 Trustee Standard Terms and Conditions (cont.)**

or its Trustees must comply. Such privacy laws may include (i) the EU General Data Protection Regulation 2016/679 (GDPR); (ii) the California Consumer Privacy Act of 2018 (CCPA); and/or (iii) other laws regulating marketing communications, requiring security breach notification, imposing minimum security requirements, requiring the secure disposal of records, and other similar requirements applicable to the processing of personal data or personal information. Baker Tilly is acting as a Service Provider/Data Processor in relation to Trustee personal data and personal information, as those terms are defined respectively under the CCPA/GDPR. Trustee is responsible for notifying Baker Tilly of any data privacy laws the data provided to Baker Tilly is subject to and Trustee represents and warrants it has all necessary authority (including any legally required consent from data subjects) to transfer such information and authorize Baker Tilly to process such information in connection with the Services described herein.

d.   Baker Tilly has established information security related operational requirements that support the achievement of our information security commitments, relevant information security related laws and regulations, and other information security related system requirements. Such requirements are communicated in Baker Tilly's policies and procedures, system design documentation, and contracts with customers. Information security policies have been implemented that define our approach to how systems and data are protected. Trustee is responsible for providing timely written notification to Baker Tilly of any additions, changes, or removals of access for Trustee personnel to Baker Tilly provided systems or applications. If Trustee becomes aware of any known or suspected information security or privacy related incidents or breaches related to this agreement, Trustee should timely notify Baker Tilly via email at dataprotectionofficer@bakertilly.com.

**11.   Force Majeure.** Neither Trustee nor Baker Tilly shall be liable for any delays resulting from circumstances or causes beyond its reasonable control, including, without limitation, fire or other casualty, act of God, strike or labor dispute, war or other violence or any law, order or requirement of any governmental agency or authority.

**12.   Limitation on Actions**. No action, regardless of form, arising out of or relating to this Engagement, may be brought by Trustee more than one year after the cause of action has accrued and is known or

knowable by the Trustee. All parties hereto waive any right to a jury trial to the fullest extent allowable under the law.

**13.   Independent Contractor.** It is understood and agreed that each of the parties hereto is an independent contractor and that neither party is or shall be considered an agent, distributor or representative of the other. Neither party shall act or represent itself, directly or by implication, as an agent of the other or in any manner assume or create any obligation on behalf of or in the name of, the other.

**14.   Confidentiality.**

a.   "<u>Confidential Information</u>" means all documents, software, reports, data, records, forms and other materials (including without limitation Work Product as defined herein) obtained by one party (the "<u>Receiving Party</u>") from the other party (the "<u>Disclosing Party</u>") in the course of performing the services under the Agreement: (i) that have been marked as confidential; (ii) whose confidential nature has been made known by the Disclosing Party to the Receiving Party; or (iii) that due to their character and nature, a reasonable person under like circumstances would treat as confidential. Notwithstanding the foregoing, Confidential Information does not include information which: (i) is already known to the Receiving Party at the time of disclosure by the Disclosing Party; (ii) is or becomes publicly known through no wrongful act of the Receiving Party; (iii) is independently developed by the Receiving Party without benefit of the Disclosing Party's Confidential Information; or (iv) is received by the Receiving Party from a third party without restriction and without a breach of an obligation of confidentiality.

b.   The Receiving Party shall not use or disclose to any person, firm or entity any Confidential Information of the Disclosing Party without the Disclosing Party's express, prior written permission; provided, however, that notwithstanding the foregoing, the Receiving Party may disclose Confidential Information to the extent required pursuant to a statutory or regulatory provision or court order or to fulfill professional obligations and standards.

c.   Each party shall be deemed to have met its nondisclosure obligations under this Paragraph 15 as long as it exercises the same level of care to protect the other's information as it exercises to protect its own confidential information but in no event less than reasonable care, except to the extent that applicable

**bakertilly**

**Baker Tilly US, LLP**
**Chapter 7 Trustee Standard Terms and Conditions (cont.)**

law or professional standards impose a higher requirement.

d. If the Receiving Party receives a subpoena or other validly issued administrative or judicial demand requiring it to disclose the Disclosing Party's Confidential Information, the Receiving Party shall provide prompt written notice, unless legally prohibited, to the Disclosing Party of such demand in order to permit it to seek a protective order. So long as the Receiving Party gives notice as provided herein, the Receiving Party shall be entitled to comply with such demand to the extent permitted by law, subject to any protective order or the like that may have been entered in the matter.

e. Notwithstanding anything to the contrary set forth herein, no provision in the Agreement is or is intended to be construed as a condition of confidentiality within the meaning of Internal Revenue Code sections 6011, 6111, 6112 or the regulations thereunder. Trustee (and each employee, representative or other agent of Trustee) may disclose to any and all persons, without limitation of any kind, the tax treatment and tax structure of any transaction within the scope of this Engagement that reduces or defers Federal tax and all materials of any kind (including opinions or other tax analyses) that are provided to Trustee relating to such tax treatment and tax structure.

**15. Document Retention.**

a. It is not our practice to retain work papers, e-mails, notes or data files that have been updated or superseded, unless shared with the Trustee or a third-party working with the Trustee. However, we will retain certain copies of e-mails, analyses, draft reports, or other materials provided by Trustee or any third party, or provided by us to Trustee or any third-party. Any requests for other document retention policies must be made in writing at the time of the execution of the Application.

b. We may maintain copies of all our work product and related materials for our files. If we choose not to retain copies, Trustee will provide access to the work papers upon reasonable notice. Baker Tilly has a file retention policy requiring the destruction of all Trustee files seven years after each case is "resolved" as it pertains to this type of Engagement, unless otherwise dictated by a valid protective order issued by an appropriate court of law. Baker Tilly makes no representation of retention of files after this date, and shall have no liability for not retaining information or data after such date, regardless of any obligation of Trustee to maintain information or data beyond that time, and regardless of whether there may be important tax or financial information in the files that will be destroyed. Trustee will have access to our files and may request all or part of our records to be copied at their expense, or returned prior to destruction so long as all fees and expenses have been paid in full. By signing the Application, Trustee acknowledges its understanding of, and agrees to, Baker Tilly's retention policy.

**16. Survival.** The provisions herein that, by its nature, including without limitation provisions relating to limitations on liability and indemnification, should survive the termination of the Engagement are intended to and do survive the termination of the Engagement.

**17. Assignment.** Neither party may assign, transfer or delegate any of its rights or obligations without the prior written consent of the other party, such consent not to be unreasonably withheld.

**18. Severability**. In the event that any term or provision of this Agreement shall be held to be invalid, void or unenforceable, then the remainder of this Agreement shall not be affected and each such term and provision of this Agreement shall be valid and enforceable to the fullest extent permitted by law.

**19. Governing Law.** The Agreement shall be governed by and construed in accordance with the laws of the state in which the Bankruptcy Court sits, without regard to the conflict of laws provisions thereof. The Bankruptcy Court shall have jurisdiction or any dispute arising from the Agreement.

**20. Miscellaneous**.

a. Sarbanes-Oxley. In accepting this Engagement, Trustee acknowledges that completion of this Engagement will not constitute a basis for Trustee's assessment or evaluation of internal control over financial reporting and disclosure controls and procedures, or its compliance with its principal officer certification requirements under Section 302 of the Sarbanes-Oxley Act of 2002 ("SOX"). This Engagement shall not be construed to support Trustee's responsibilities under Section 404 of SOX requiring each annual report filed under Section 13(a) or 15(d) of the Securities Exchange Act of 1934 to contain an internal control report from management.

b. Electronic Communication. Baker Tilly may communicate with Trustee by electronic mail or otherwise transmit documents in electronic form during the course of this Engagement. Trustee accepts



Baker Tilly US, LLP
Chapter 7 Trustee Standard Terms and Conditions (cont.)

the inherent risks of these forms of communication (including the security risks of interception of or unauthorized access to such communications, the risks of corruption of such communications and the risks of viruses or other harmful devices) and agrees that it may rely only upon a final hardcopy version of a document or other communication that Baker Tilly transmits to Trustee.

c. <u>Notices.</u> Any notices given pursuant to this Agreement shall be in writing, delivered to the address(es) set forth in the Application and shall be considered given when received.

d. <u>Entire Agreement</u>. This Agreement, including the Application, the Engagement Letter, and all Exhibits, constitute the entire agreement between Baker Tilly and Trustee with respect to this Engagement and supersede all other oral and written representation, understandings or agreements relating to this Engagement.

e. <u>Failure to Enforce Not a Waiver</u>. The failure of either party at any time to enforce any of the provisions of this Agreement will in no way be construed as a waiver of such provisions and will not affect the right of party thereafter to enforce each and every provision thereof in accordance with its terms.

f. <u>Baker Tilly International Limited</u>. Baker Tilly US, LLP is an independent member of Baker Tilly International. Baker Tilly International Limited is an English company. Baker Tilly International provides no professional services to Trustees. Each member firm is a separate and independent legal entity and each describes itself as such. Baker Tilly US, LLP is not Baker Tilly International's agent and does not have the authority to bind Baker Tilly International or act on Baker Tilly International's behalf. None of Baker Tilly International, Baker Tilly US, LLP, nor any of the other member firms of Baker Tilly International has any liability for each other's acts or omissions. The name Baker Tilly and its associated logo is used under license from Baker Tilly International Limited.



# Exhibit B
# Baker Tilly US, LLP
# Chapter 7 Trustee Billing Rates

### Schedule of Hourly Rates [1]

| | |
|---|---:|
| Partners, Principals and Directors | $395 to $695 |
| Managers | $275 to $375 |
| Consultants | $150 to $275 |
| Paraprofessionals | $75 to $175 |

### Schedule of Out-of-Pocket Costs

| | |
|---|---:|
| Copies | $ 0.10 per page (or actual cost for services outsourced) |
| Facsimiles | $ 0.30 per page for outgoing transmissions (no charge for incoming transmissions) |
| Postage | Actual |
| Messenger | Actual |
| Parking | Actual |
| Mileage | IRS standard rate |

### Professionals [2]

| | |
|---|---:|
| Stacy Elledge Chiang, CPA, CFF, CIRA (Director) | $395 |
| Eileen Castle, CPA, CFE, CIRA (Senior Manager) | $360 |
| Nicole Calvillo (Supervisor) | $205 |
| Marjaneh Hernandez (Paraprofessional) | $145 |

Notes:

[1] Rates are subject to change.

[2] The hourly billing rates of each professional expected to render services in this matter.

Jan. 2021 Revision

Exhibit B - Appendix 1, Page 6 of 6

**PROOF OF SERVICE**

I, Mary Lou Cunanan, declare as follows:

I am employed in the County of San Diego, State of California; I am over the age of eighteen years and am not a party to this action; my business address is P.O. Box 2819, La Mesa, CA 91943-2819, in said County and State.  On **1/19/2021**, I served the following document(s):

**NOTICE OF ERRATA TO EX PARTE APPLICATION OF TRUSTEE FOR AUTHORITY TO EMPLOY BAKER TILLY US, LLP TO ACT AS ACCOUNTANTS AND CONSULTANTS TO THE ESTATE**

on each of the interested parties stated on the attached service list.

**I.     TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**: Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On **1/19/2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address(es) indicated below:

☒     Service information continued on attached page

**II.     SERVED BY U.S. MAIL OR OVERNIGHT MAIL:**  On **1/19/2021,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows.

☒     Service information continued on attached page

**III.     SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR E-MAIL:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **1/19/2021**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or e-mail as follows.

Proposed Accountant/Consultant: Stacy Elledge Chiang of Baker Tilly US, LLP: stacy.chiang@bakertilly.com (Via Email Delivery)

☐     Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  1/19/2021                    By: /s/ Mary Lou Cunanan
                                              MARY LOU CUNANAN

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):**

- Christopher R. Barclay    admin@crb7trustee.com, qcrbarclay2@ecf.axosfs.com,mlcunanan@crb7trustee.com
- David W. Brody    dbrody@brody-law.com, bknotice@brody-law.com
- Ahren A. Tiller    atiller@blc-sd.com, brett.bodie@blc-sd.com;carolina@blc-sd.com;anika@blc-sd.com;danny@blc-sd.com;kreyes@blc-sd.com;derek@blc-sd.com;ecf.blcsd@gmail.com;Megan@blc-sd.com;Nicole@blc-sd.com;4436097420@filings.docketbird.com
- United States Trustee    ustp.region15@usdoj.gov

**SERVED BY U.S. MAIL OR OVERNIGHT MAIL:**

**Debtor:**
Stephen B. Morris
147 Elm Ave.
Imperial Beach, CA 91932
(Via First Class Mail)

P:00652329:90529.010                                -2-